**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAMALJIT SINGH, | No. 08-70459 |
| Petitioner, | Agency No. A098-846-598 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Kamaljit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on the discrepancy between Singh's testimony that the temple was a five minute walk from his home and the fact that the nearest temple was several miles away. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (sustaining adverse credibility determination where claims "were implausible in light of the background evidence"). Substantial evidence also supports the IJ's adverse credibility determination based on Singh's lack of knowledge of the Shiromani Akali Dal party. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (approving an adverse credibility conclusion based in part on an expectation that one who claims active participation in a party has a deeper understanding of that party's beliefs). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**